Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996
Fax 602.253.8346

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>GARY FOLKERTH,<br><br>and<br><br>THERESA FOLKERTH,<br><br>Debtors. | In Proceedings Under Chapter 13<br><br>Case No. 2-09-BK-12890 RTB<br><br>**TRUSTEE'S RECOMMENDATION**<br><br>(10/24/09) |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs. Trustee notes the following problems, which must be resolved before recommending confirmation of the Plan:

(1) Debtors' attorney is requesting fees of $5,500.00, which is above the Trustee's "no look" fee limit of $5,000.00. Therefore, the Trustee objects to the payment of the $500.00 more than the limit in the absence of a Court order approving a separate written fee application.

(2) JPMorgan Chase Bank and Citimortgage have filed objections to the Plan. The attorney for the Debtor(s) must notify the Trustee in writing if the objections are resolved or, if they are unresolved, file the appropriate motions to get the Court to hold hearings on the objections. If resolution of the objections changes Plan funding requirements, the Trustee requires receipt of an amended Plan analysis with any proposed order confirming the Plan. If a motion is filed to get a hearing before the Court, the time to submit a proposed Order confirming the Plan to the Trustee is extended.

(3) The proofs of claim filed by HSBC Mortgage Services and Citimortgage differ from the creditors' treatment under the Plan or are not provided for by the Plan. The Trustee has received no notification that the issues have been resolved and the Debtor(s) must resolve the discrepancies

before the Trustee recommends confirmation of the Plan. As to each claim, the Trustee requires that the Debtor(s): (a) file an objection to the claim (if the debt is believed to be unsecured; (b) notify the Trustee **in writing** that the claim issue has been resolved and the holder of the claim will endorse the order confirming the Plan; (c) notify the Trustee **in writing** that the order confirming the Plan will provide for full payment of the claim; or (d) timely file an amended Plan to provide for some or all payment on the claim. If resolution of the claims changes Plan funding requirements, the Trustee requires the receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the Plan. If one or more objections to the proofs of claim is timely filed by the Debtor(s), then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after substantive completion of the last objection.

(4) The Plan fails to meet the best interests of creditors test resulting from the 2008 tax refunds. Debtors can either pay the refunds to the Trustee or pay $1,653.00 to unsecured creditors from the Plan payments. If the latter, then the order confirming must state that the unsecured creditors are to receive $1,653.00 before the Plan is deemed completed.

(5) Plan funding must be sufficient after resolution of the above issues.

(6) Other requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(c) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(d) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

1      (e) Any order confirming plan to provide that the Debtors will give the Trustee a copy of the 2009 through 2011 federal and state income tax returns, including all attachments, forms, schedules and statements, within fifteen days of filing them.

     SUMMARY: Pursuant to Local Rule 2084-10, **by October 24, 2009,** Debtors are to resolve the issues in paragraphs (1) through (6), and provide the Trustee with a proposed order confirming plan, or the Trustee could lodge a dismissal order.

Copy mailed to:

Gary Folkerth  
Theresa Folkerth  
634 South 230th Avenue  
Buckeye, Arizona    85326  
Debtors

Joseph W. Charles  
Attorney at Law  
P.O. Box 1737  
Glendale, Arizona    85311  
Attorney for Debtors